## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | : | Case Number: 23-60194 |
| | : | |
| William T. Dunn, Jr. | : | |
| Jodi L. Dunn, | : | Chapter 13 |
| | : | |
| Debtor(s). | : | Judge JOHN GUSTAFSON |

### NOTICE OF APPEAL AND STATEMENT OF ELECTION

Notice is hereby given that David A. Mucklow, Appellant, former Debtor's counsel, pro se, hereby appeals the Order Granting Motion for Disgorgement of Attorney Fees in Part, entered on June 9, 2025 as Docket No. 158 and then again filed on June 11, 2025 as Docket No. 159 and docketed June 12, 2025. David A. Mucklow is the Appellant and William T. Dunn, Jr. and Jodi L. Dunn are the Appellees, represented by Nicole L. Rohr-Metzger.

Appellant:  DAVID A. MUCKLOW (#0072875)
            919 E. Turkeyfoot Lake Road, Suite B
            Akron, OH 44312
            Telephone: (330) 896-8190
            Fax: (330) 896-8201
            davidamucklow@yahoo.com

Appellee:   William T Dunn, Jr.
            Jodi L. Dunn
            3720 Bel Air Avenue NW
            Canton, OH 44718

Attorney for Appellee:

            Nicole L. Rohr-Metzger
            THRUSH & ROHR
            4930 Hills & Dales Rd NW
            Canton, OH 44708
            Telephone: (330) 479-9494
            Fax: (330) 479-9585
            office@thrushandrohr.com, thrushrohr@gmail.com

Chapter 13 Trustee:

        Office of the Chapter 13 Trustee
        Dynele L. Schinker-Kuharich
        200 Market Avenue North, Ste LL30
        Canton, OH 44720
        (330) 455-2222

Pursuant to 28 U.S.C. § 158(c)(1), Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellant Panel.

        Respectfully Submitted by:

        /s/ David A. Mucklow
        DAVID A. MUCKLOW (#0072875)
        919 E. Turkeyfoot Lake Road, Suite B
        Akron, OH 44312
        Telephone: (330) 896-8190
        Fax: (330) 896-8201
        davidamucklow@yahoo.com

## CERTIFICATE OF SERVICE

  I certify that on or about 25th day of June, 2025 that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list:

- Dynele L Schinker-Kuharich DLSK@Chapter13Canton.com, dschinkerkuharich@ecf.epiqsystems.com
- United States Trustee (Registered address)@usdoj.gov
- Nicole L. Rohr-Metzger office@thrushandrohr.com, thrushrohr@gmail.com

  I certify on or about 25th day of June, 2025 that a true and correct copy of the foregoing was sent via U.S. regular mail to the persons listed below.

William T Dunn, Jr.
Jodi L. Dunn
3720 Bel Air Avenue NW
Canton, OH 44718

            /s/ David A. Mucklow
            DAVID A. MUCKLOW, (#0072875)

The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: June 9 2025

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | * | Case No: 23-60194 |
| | * | |
| William T Dunn, Jr. | * | |
| and | * | Chapter 13 |
| Jodi L Dunn | * | |
| | * | |
| Debtor(s) | * | Judge John P. Gustafson |
| | * | |

### ORDER GRANTING MOTION FOR DISGORGEMENT
### OF ATTORNEY FEES IN PART

This case came before the court on January 15, 2025, for a hearing on Debtors' Motion to Disgorge Attorneys fees of Prior Attorney [Doc. # 135]. Counsel for debtor and the Chapter 13 Trustee were present at the hearing by phone. Debtors seek an order directing their former attorney, David A. Mucklow ("Attorney Mucklow") to refund $3,050 in fees received for representing William T. Dunn, Jr. and Jodi L. Dunn ("Debtors") in the above-captioned Chapter 13 case, with payment going to the Chapter 13 Trustee.

The underlying issue, as framed by the parties, was whether the Debtors had authorized Attorney Mucklow to file an Amended Chapter 13 Plan on their behalf. In the initial pleadings,

1

Attorney Mucklow had argued that an e-mail was evidence he had been given him authority to make the filing. At the January 15, 2025 hearing, the court indicated that it did not find the cited e-mail persuasive, but recognized that counsel may have been constrained in the scope of his presentation of evidence by concerns about attorney-client privilege. At the Hearing, attorney-client privilege was waived on the record by the Debtor.

The court instructed Attorney Mucklow to file any additional evidence demonstrating that he had authority to file the Chapter 13 Plan at issue by Thursday, January 23, 2025. Debtors' counsel was given until January 30, 2025, to file a response.

On January 23, 2025, Attorney Mucklow filed a "Second Response to Motion to Disgorge Attorneys fees with additional evidence" [Doc. #144], and on January 30, 2025, Debtors filed their Reply [Doc. #147].

## FACTS

Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 21, 2023. Attorney Mucklow was retained to represent the Debtors in their bankruptcy proceeding and filed a Disclosure of Compensation pursuant to 11 U.S.C. §329 and Bankruptcy Rule 2016(b) [Docs. ##29 & 35], which was approved by the court [Doc. #36].

On the same date the Petition was filed Attorney Mucklow filed a Chapter 13 Plan on behalf of the Debtors [Doc. #7]. The Chapter 13 Trustee Objected to Confirmation of the proposed Plan. [Doc. #29]. Attorney Mucklow filed a Response to the Trustee's Objection. [Doc. #44].

Subsequently, the Amended Chapter 13 Plan was filed on October 23, 2023. [Doc. #61]. The October 23, 2023 Amended Plan contained a new provision, the surrender of a motorcycle, allowing a reduction in payments under the Plan. [Doc. #136, p. 2; Doc. #61, p. 4, "3.5 Surrender of collateral"]. The Chapter 13 Plan (Official Form 113) has signature lines for debtors, but states: "If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s)

2

signatures are optional. The attorney for the Debtor(s), if any, must sign below." *See*, Official Form 113, Part 9, 9.1 "Signatures of Debtor(s) and Debtor(s) Attorney". The Chapter 13 Plan reflects "/s/" typed signatures of both William T. Dunn, Jr. and Jodi L. Dunn, dated 10/23/2023.

A few days after the Amended Plan was filed, Attorney Mucklow received an e-mail from Mr. Dunn regarding how he wished to proceed in the Chapter 13 case. That e-mail will be discussed below.

During the time before the Amended Chapter 13 Plan was confirmed (as amended), numerous amendments were filed to Schedules, [Docs. ##30, 31, 34, 57, 58, 59, 62, 71, 72 & 83] and Affidavits were filed regarding certain property owned by Debtor[1] [Docs. ##68, 69, 78 & 79]. The Statement of Financial Affairs was also amended. [Doc. #60]. There were also issues with Debtors' Plan payments being delinquent.

In addition, Debtors had a substantial personal injury action which it had been hoped would be resolved early in the course of the Chapter 13 Plan. However, that litigation was still ongoing and unresolved during the events described below.

On December 20th and 21st of 2023, just before the Amended Plan was confirmed, the resolution of certain issues related to Best Interest of Creditors/Liquidation Test [11 U.S.C. Section 1325(a)(4)] was reflected in an Agreed Order. [Doc. #83]. There was also an Agreed Order entered raising the payments from $1,995 [Doc. #61, p. 1] to $2,028 [Doc. #85].

---

[1] It appears that not all property owned by the Debtors was disclosed to counsel at the time of filing. As part of his "Second Response to Motion to Disgorge Attorneys fees with additional evidence" [Doc. #144], certain e-mails were attached, one of which reflected that the undisclosed property was a lot that had been surrendered in a previous Chapter 7, had not yet been foreclosed upon (or sold at a tax sale) but was substantially underwater just based on unpaid real estate taxes. [Doc. #144-1, p. 4].

On December 27, 2023, Debtors' new counsel filed a substitution of counsel and also filed a Second Amended Plan on behalf of the Debtors. On December 29, 2023, the court signed an Order, uploaded by the Chapter 13 Trustee, confirming the First Amended Chapter 13 Plan.

Subsequently, a Motion to Modify was filed on February 9, 2024 by Debtors' new counsel. [Doc. #110]. The Motion to Modify was granted on March 29, 2024. [Doc. #124]. The modification allowed Debtors to retain the motorcycle and pay it through the Chapter 13 Plan, while increasing the monthly payment to $3,200 a month. [*Id.*, pp. 1-2]. General unsecured creditors will receive 100% under the modified Plan. [*Id.*, p. 2].

On December 6, 2024, Debtors filed a Motion to Disgorge Attorney Fees of Prior Attorney David Mucklow. [Doc. #135]. Essentially, the Motion to Disgorge asserts that the fees awarded to counsel exceed the reasonable value of the services provided because Attorney Mucklow filed and moved forward with confirmation of the Amended Plan without the approval of his clients, and hence without authority:

> On or about October 23, 2023 David Mucklow filed a plan without authorization/signatures of the Debtors. Mr Mucklow was aware of this fact but never amended the plan per the Debtors requests. Due to this, the Plan that the Debtors did not approve was confirmed and Debtors had to seek other legal counsel to correct this error.

[Doc. #135, pp. 1-2, ¶4].

The Motion to Disgorge further alleges that "Counsel did not disclose this at the confirmation hearing and obtained confirmation of the Debtors plan under false pretenses." [*Id.*, p. 2, ¶5].

The Motion to Disgorge requests that the monies disgorged go to the Chapter 13 Trustee to be applied to payments under the Chapter 13 Plan, as modified. [*Id.*, p. 3].

4

In support of the Motion, Debtors' new counsel attached a copy of a signed handwritten statement from William Dunn and an e-mail dated "Fri, Oct 27, 2024 at 11:39 P.M.". The handwritten statement reflects that Mr. Dunn learned of the Amended Chapter 13 Plan filed on October 23, 2023 [Doc. #61], and did not approve of its terms. The statement references the e-mail as having been sent to Attorney Mucklow after an alleged conversation about Mr. Dunn not agreeing with the Chapter 13 Plan that had been filed on October 23rd.

The October 27, 2023 e-mail states, in pertinent part:

> Dave I'm sending this email per our conversation on Friday afternoon. We had talked about the direction I was looking for the bankruptcy to go. So when I first came to you I want to protect my assets. Then somewhere along the way there was questions about getting rid of this or that. And as we discussed in our conversation that's not the route I'm looking to go. I am not looking to give up anything I own even if it means I have to pay at 100%. As long as it's just the ones that have filed a claim I'm ok with that. * * * * Feel free to call with any questions. I understand you guys are trying to make it easier but I'm not looking at being in this bankruptcy very long. And that you for your attention on this matter.

[Doc. #135, p. 8].

An October 30, 2023 e-mail from Attorney Mucklow to William Dunn stated: "**I told Candice we will prep this to do an amended 100% plan and not surrender the motorcycle.**" [Docs. #135 pp. 8-9; #136-1, p. 13; #144-1, p. 18](emphasis added). This e-mail was attached as an exhibit to filings made by both parties.[2] This commitment to file an amended Plan was proper, as "a lawyer shall abide by a client's decisions concerning the objectives of representation". *See*, Ohio Rules of Professional Conduct, ¶1.2(a) (eff. June 17, 2020). However, despite the directions reflected in the e-mail from Mr. Dunn to Attorney Mucklow, and Attorney Mucklow's response stating he would make the changes, no amended Chapter Plan was filed. Nothing in the record –

---

[2] It is not clear that either party noted the sentence cited by the court, which is at the end of an e-mail that deals with needing certain affidavits to be signed by the Debtors.

5

documentary or narrative/argumentative - reflects that any changes were made to that October 30, 2023 written commitment by Attorney Mucklow "to do an amended 100% plan and not surrender the motorcycle."

In the lead-up to the final hearing on confirmation, Affidavits were filed on the condition of a camper and a Jeep. [Docs. ##78 and 79].

A December 15, 2023 e-mail to the Chapter 13 Trustee's Staff Attorney states: "We amended the plan, surrendered the motorcycle, and lowered the payments from what the original plan payment was with the step-up. The original plan had a step up because of the motorcycle, but it is being surrendered. We think the arrearage is $2,785.75. See attached plans. I would have to talk to the client about sending in more money which he may not have. How much is the minimum needed to confirm the plan?" [Doc. #144-1, pp. 19, 21 & 24].

The Staff Attorney's response reflected that the Plan was $3,695.75 delinquent, and needed to be brought current for the Trustee to recommend confirmation. [*Id.*, p. 22].

A December 19, 2023 e-mail from Attorney Mucklow to the Chapter 13 Trustee reflects that the issue of the delinquent payments was discussed with Mr. Dunn. [Doc. #144-1, p. 29].

On December 20, 2023, an Agreed Order Settling Objection to Confirmation was signed by the court. [Doc. #83]. That Agreed Order reflects only the signature of Attorney Mucklow for the Debtors.

The Confirmation Hearing was held on December 20, 2023. The court's proceeding memo reflects that the Chapter 13 Plan would be confirmed as recommended, "subject to the court approving any pending Orders in the case." [Doc. #84].

On December 20, 2023 at 3:31 p.m., Attorney Mucklow sent an e-mail to Mr. Dunn reflecting the terms of the confirmed Chapter 13 Plan, including: "The motorcycle is not being

paid through the plan as it would render the plan unfeasible as we discussed previously; you could bring that account current outside the plan upon receiving PI funds from the settlement if you desire to keep that item." [Doc. #147, p. 7].

A second Agreed Order was signed by the court on December 21, 2023, raising the monthly payment to $2,028 beginning in January of 2024. [Doc. #85]. That second Agreed Order is signed on behalf of the Debtors by Attorney Mucklow.

Mr. Dunn responded to Attorney Mucklow's December 20th e-mail the next day, December 21, 2023: "That is unfortunate Dave those adjustments were not talked over with us. As of now your services our [sic] no longer needed I have sought out other counsel." [*Id.*]. Mrs. Dunn sent a similar e-mail in response:

> Mr. Mucklow
>
> Per speaking with my husband and reading your email to him about the adjustments to the plan, we did not agree to those terms and as such we have sought out new counsel and we will no longer need your services.

[Doc. #147, p. 2].

Attorney Mucklow asserts that he had authority to file the Chapter 13 Plan. [Doc. #144, pp. 4-5]. According to Attorney Mucklow, he obtained this authority after receiving a notice from the Chapter 13 Trustee identifying a lengthy list of issues with the Debtors' case, including feasibility concerns. Attorney Mucklow contends that he thoroughly discussed these issues with Mr. Dunn before filing the plan, at which time he claims that Mr. Dunn verbally agreed to the plan's terms to ensure its feasibility. [*Id.*]

Debtors dispute this assertion, arguing that an email from Attorney Mucklow's secretary, dated August 8, 2023, requested that they call the office regarding an August 3, 2024 email from the Trustee, which was forwarded with the request. *See* [Doc. #147, p. 4 & Ex. C]. The Debtors

7

appear to argue that this contradicts Attorney Mucklow's claim that a phone call took place on August 4, 2023. Furthermore, Debtors maintain that they never consented to a plan that would surrender the motorcycle at any time. *See*, [Doc. #147, p. 4 & Aff. of the Debtors, Ex. D].

The court finds it unnecessary to make a definitive factual finding about the authority given to file[3] the Amended Plan [Doc. #61] that was confirmed – although the court will discuss the issue of proof regarding the receipt of such authority. The record clearly demonstrates: 1) Mr. Dunn gave Attorney Mucklow clear directions about changing the Amended Plan; 2) Attorney Mucklow acknowledged that he had received that direction from the client and would comply; but, 3) for whatever reasons, Attorney Mucklow did not file an Amended Plan that complied with the directions he received and agreed to comply with.

## LAW AND ANALYSIS

Compensation awards are authorized under 11 U.S.C. §330, which provides, in part, for "reasonable compensation for actual, necessary services" rendered by professionals and "reimbursement for actual, necessary expenses." §§330(a)(1)(A) and (B). A court may cancel an agreement or order return of any payment for attorney services when the court determines that the "compensation exceeds the reasonable value of any such services." §329(b).

The starting point for calculating "reasonable compensation" is the lodestar method, which is determined by "multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended." *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991)(citation omitted). The lodestar amount is subject to upward or downward adjustment. *See, Geier v. Sundquist*, 372 F.3d 784, 793 (6th Cir. 2004). The "bankruptcy court must expressly discuss the amounts that are not

---

[3] Whether or not there was a misunderstanding regarding the terms of the Amended Plan and counsel's authority to file it – the filing of the Amended Plan did not harm the Debtors. If a second amended Chapter 13 Plan had been filed, as was clearly requested and agreed to by Attorney Mucklow, there would have been no injury. At the time, Attorney Mucklow was operating on a flat fee basis, and it was only when the Amended Plan was confirmed (after direction was given to amend it) that Debtors incurred damages – having to employ new counsel to fix the terms of the Plan.

8

supported by the application and provide a reasoning to support the court's decision." *In re Williams*, 357 B.R. 434, 439 (6th Cir. BAP 2007). An applicant bears the burden of demonstrating their entitlement to the requested fees and documentation of hours worked and hourly rates. *In re Newman*, 270 B.R. 845, 847 (Bankr. S.D. Ohio 2001).

Additionally, this district has adopted Guidelines for Compensation and Expense Reimbursement of Professionals ("Guidelines"). *See,* Local Bankruptcy Rule 2016-1. These requirements were first effective as an administrative order on November 8, 1988. *See, In re Revco D.S., Inc.*, 126 B.R. 741, 752 (Bankr. N.D. Ohio 1991).

Here, the initial application for fees was made under the guidelines of Judge Kendig's Administrative "Order Governing Procedure for Allowance of Attorney Fees in Chapter 13 Cases Filed on and after August 15, 2022." While this judge has not "adopted" that Order, the "presumptively reasonable"/"no-look" flat fee of $3,050 sought by Attorney Mucklow is within those guidelines.

The primary issue in this case is whether Attorney Mucklow's failure to file a second amended Chapter 13 Plan, as he was directed to do (and he acknowledged he would do) justifies the disgorgement of his fees under 11 U.S.C. §§329 and 330.

The Debtors argue that they did not approve or consent to the terms of the confirmed plan, particularly the surrender of the motorcycle, and that their lack of consent was the reason they terminated the representation and found a new attorney.

In contrast, Attorney Mucklow contends that he discussed feasibility concerns with Mr. Dunn and received verbal approval before filing the plan. This dispute appears to hinge on the credibility of these assertions. That should not happen. Bankruptcy attorneys should obtain consent in a form that allows them to avoid this type of factual dispute with their clients. The

9

attorneys are the professionals. They should represent their clients using "best practices" that avoid the need to resort to hearsay evidence to prove that proper authority was given.

Debtor's attorneys can protect themselves by: 1) obtaining "wet signatures" on the documents, rather than signing on behalf of their clients; 2) they can – if they think it adequate – utilize digital signature programs to obtain their client's signatures; 3) e-mailing documents for review and approval and obtaining written return e-mail consent to sign and file the document would prevent this type of dispute; and 4) if verbal consent has been obtained and circumstances require quick action, creating a minimal documentary record by sending something like: "This e-mail is to confirm our conversation in which you gave me your consent to sign X document with Y terms. Please let me know immediately if that is not your understanding."; or 5) some other method of memorializing the client's informed authorization of the action that provides strong evidence of consent, and does not put an unneeded strain on attorney-client confidentiality.

As this judge has commented several times during Chapter 13 Hearings – the legal culture in Canton is much different from the legal culture in Toledo regarding signatures. Far more documents are signed by attorneys on behalf of debtors in Canton. While that may seem less desirable than obtaining multiple wet-ink signatures – so everyone has one, with an extra for the file – it is not the court's role to impose culture.[4] But it is the court's role to enforce minimum standards. Attorneys who based their signing authority on verbal approval risk having the court find their proof inadequate, because they are the professional in charge of the process of filing the documents in question and documenting their authority to do so.

But, again – the court is not making any findings on whether or not client authority was given to counsel for the filing of the Amended Plan. Instead, the court finds that Attorney

---

[4] The court is particularly sensitive to this issue because it is everyone's hope that at some point, Canton, Ohio will have its vacant bankruptcy judgeship filled.

Mucklow made a representation that he would file a second amended Plan. [Doc. #114-1, p. 18]. It appears he forgot that commitment and proceeded with the previously filed Amended Plan [Doc. #61] that his client had clearly rejected. The Debtors justifiably relied on their attorney's clear written statement that an amended Plan would be filed – but it was not. This caused injury to the Debtors, who lost confidence in Attorney Mucklow and had to turn to new counsel.

Under those facts, disgorgement of fees is warranted. New counsel costs money, and the court finds that the Debtors' actions were not unreasonable, given the circumstances. As this is a 100% Chapter 13 Plan, even if new counsel is paid as an administrative expense through the Plan, those monies for the new lawyer are going to have to come from the Debtors.

Under §330, an attorney is entitled to "reasonable compensation for actual, necessary services," and courts may reduce or deny fees under §329 if compensation exceeds reasonable value.

Balanced against the harm done to the Debtors by what the court finds is Attorney Mucklow's oversight, the docket reflects a case in which a great deal of work was done that was beneficial to the Debtors. A very difficult Chapter 13 case was kept alive for almost a year. This case was complicated, with the need for a number of amendments and supplemental filings – none of which appear to have been due to any lack of diligence by Attorney Mucklow. Instead, we had a complex situation regarding Debtors' property, its condition, and the treatment of the personal injury case. The e-mails between Attorney Mucklow and the Trustee reflect a laundry list of issues that needed to be addressed – including the fact that Chapter 13 Plan payments were substantially delinquent.

The court could set this for evidentiary hearing to parse through the amounts paid for new counsel, the work done by previous counsel, the weight to be given the initial fee agreement, etc.

11

All that would be costly to both sides in terms of time (the attorney's stock in trade) and money (in terms of attorneys' fees incurred for such a hearing). Instead, the court will find that, based on the facts in this case: 1) disgorgement is warranted; and 2) to the extent fees have been paid in excess of $1,650, those fees will be disgorged to the Chapter 13 Trustee to be applied to the Chapter 13 Plan (as requested by the Debtors in their Motion), and that no additional fees (if any are owed) are to be paid to Attorney Mucklow.

**WHEREFORE, IT IS ORDERED** that any fees in excess of $1,650 that have been paid to Attorney Mucklow be disgorged and paid over to the Chapter 13 Trustee and used to fund the Chapter 13 Plan.

**IT IS FURTHER ORDERED** that Attorney David A. Mucklow file proof of the above Ordered disgorgement (by Affidavit) within 15 days from the date of this order.

###

United States Bankruptcy Court
Northern District of Ohio

In re:                                                                                        Case No. 23-60194-jpg
William T Dunn, Jr.                                             Chapter 13
Jodi L Dunn
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0647-6                                     User: lbald                                                Page 1 of 2
Date Rcvd: Jun 09, 2025                           Form ID: pdf741                                  Total Noticed: 4

The following symbols are used throughout this certificate:
**Symbol**      **Definition**

+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 11, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/db | + | William T Dunn, Jr., Jodi L Dunn, 3720 Bel Air Avenue NW, Canton, OH 44718-2706 |
| aty | + | David A. Mucklow, 919 E. Turkeyfoot Lake Road, Suite B, Akron, OH 44312-5250 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | Jun 09 2025 21:00:00 | AmeriCredit Financial Services, Inc. dba GM Financ, PO Box 183853, Arlington, TX 76096-3853 |
| cr | + | Email/PDF: BankruptcynoticesExceptions@wellsfargo.com | Jun 09 2025 21:19:30 | Wells Fargo Bank N.A., d/b/a Wells Fargo Auto, PO Box 169005, Irving, TX 75016-9005 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Wilmington Savings Fund Society, FSB |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 11, 2025                      Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 9, 2025 at the address(es) listed below:
**Name**                                 **Email Address**

| | | |
|---|---|---|
| District/off: 0647-6 | User: lbald | Page 2 of 2 |
| Date Rcvd: Jun 09, 2025 | Form ID: pdf741 | Total Noticed: 4 |

David A. Mucklow
    on behalf of Attorney David A. Mucklow davidamucklow@yahoo.com

Dylan Dean Smith
    on behalf of Creditor AmeriCredit Financial Services  Inc. dba GM Financial bankruptcy@sottileandbarile.com

Dynele L Schinker-Kuharich
    DLSK@Chapter13Canton.com trusteeOHNB09@ecf.epiqsystems.com

Nicole L. Rohr-Metzger
    on behalf of Debtor William T Dunn  Jr. nicole@thrushandrohr.com,
    office@thrushandrohr.com;thrushrohr@gmail.com;r47567@notify.bestcase.com

Nicole L. Rohr-Metzger
    on behalf of Debtor Jodi L Dunn nicole@thrushandrohr.com
    office@thrushandrohr.com;thrushrohr@gmail.com;r47567@notify.bestcase.com

Stephen R. Franks
    on behalf of Creditor Wilmington Savings Fund Society  FSB amps@manleydeas.com

Susana Elizabeth Lykins
    on behalf of Creditor Wilmington Savings Fund Society  FSB slykins@raslg.com

TOTAL: 7